UKRAINIAN NATIONAL ASSOCIA-
TION OF JEWISH FORMER PRIS-
ONERS OF CONCENTRATION
CAMPS & GHETTOS, Association of
Victims of Nazi Persecution (Bundes-
verband Informationa Und Beratung
Für NS–Verfolgte), International
Movement of Former Juvenile Nazi
Prisoners, Association of Liberated
Prisoners in the Czech Republic,
Ukrainian Organization of Anti–Fas-
cist Freedom Fighters, Polish Ameri-
can Congress, Ukrainian Association
of Nazi Victims and Prisoners on be-
half of themselves and all other simi-
larly situated Plaintiffs,

v.

UNITED STATES Defendant.

Burt Neuborne, in his capacity as an
express lawyer-trustee of the German
Foundation, "Remembrance, Respon-
sibility and the Future," and on be-
half of the third-party beneficiaries of
agreements leading to the establish-
ment of the German Foundation; Ro-
man Neuberger, Sylvia Greenbaum,
and John Brand, in their individual
capacities as third-party beneficiaries
of the agreements leading to the es-
tablishment of the German Founda-
tion, and as representatives of all
German Foundation beneficiaries
Plaintiffs,

v.

The German Foundation Industrial Ini-
tiative and its constituent managing
companies, consisting of Allianz AG,
BASF AG, Bayer AG, BMW AG, Com-
merzbank AG, DaimlerChrysler AG,
Deutsche Bank AG, Degussa–Huells
AG, Deutz AG, Dresdner Bank AG,

Friedr. Krupp AG, Hoesch Krupp,
Hoescht AG, RAG AG, Robert Bosch
GmbH, Siemens AG, VEBA AG, and
Volkswagen AG; and Bank Austria
Creditanstalt and Hypo Vereinsbank
AG. Defendants.

Nos. CV 01–6933, CV 01–7701.

United States District Court,
E.D. New York.

Dec. 13, 2001.

---

Cohen, Milstein, Hausfeld & Toll,
PLLC, New York, by Michael D. Haus-

feld, Alexander E. Barnett, Smorodsky & Stawnychy, Rutherford, NJ, by Myroslaw Smorodsky, for Plaintiffs in CV 01–6933.

Burt Neuborne, New York, NY, for Plaintiffs in CV 01–7701.

Robert D. McCallum, Jr., Assistant Attorney General, United States Department of Justice, Federal Programs Branch, Civil Division, Washington, DC, by David J. Anderson, David O. Bucholz, Alan Vinegrad, United States Attorney, Eastern District of New York, Brooklyn, NY, by Carolyn Lisa Miller, for the United States of America.

Nathanial S. Shapo, Director of Insurance, State of Illinois, Chicago, IL, for Declarant.

Lothar Evers, Member of the Kuratorium of the German Foundation "Remembrance, Responsibility and the Future" and Founding Director of the Association of Victims of Nazi Persecution (Bundesverband Information und Beratung fur NS–Verfolgte), Federal Republic of Germany, for Declarant.

Robert A. Swift, Kohn, Swift & Graf, Philadelphia, PA, for Declarant.

Roman R. Kent, Commission Member of the International Commission of Holocaust Era Insurance Claims, New York, for Declarant.

## ORDER

WEINSTEIN, Senior District Judge.

█ 1. Professor Burt Neuborne has moved to withdraw his complaint in *Neuborne, et al. v. The German Foundation Industrial Initiative, et al.*, CV 01–7701. This motion is opposed. (Mem. in Opp'n to Burt Neuborne's Suppl. Decl.). Since there has been "no service by the adverse party of an answer," the motion is granted. *See* Fed.R.Civ.P. 41(a)(1), 41(a)(2). The *Neuborne* complaint is dismissed without prejudice and without costs or disbursements.

2. The court does not find it necessary to decide if the pending complaint in *Ukrainian National Assoc. of Jewish Former Prisoners of Concentration Camps & Ghettos et al. v. United States*, CV 01–6933, poses political or conduct of foreign policy relations issues beyond the jurisdiction of courts under Article III of the Federal Constitution. See *Ukrainian National Assoc. of Jewish Former Prisoners of Concentration Camps & Ghettos et al. v. United States*, 2001 WL 1328412 (E.D.N.Y. Oct.19, 2001). For the following prudential reasons the complaint should be dismissed without prejudice and without costs or disbursements.

A. The relief sought is an order preventing the United States from filing a statement of interest urging dismissal of related cases. This court has no power to prohibit the government from acting in other litigations. The decision to retain or dismiss any future case or to resuscitate any prior case resides with the court in which the case is or was pending, regardless of any statement of interest that any government submits. The Court of Appeals in *Austrian, German Holocaust Litigation v. United States District Court for the Southern District of New York*, 250 F.3d 156 (2d Cir.2001), observed that a rule 60(b) motion to set aside the judgement in a class action that has been settled is available to plaintiffs. *See id.* at 165; *cf. Stephenson v. Dow Chem. Co.*, 273 F.3d 249 (2d Cir.2001) (some veterans are not bound by class action settlement in Agent Orange because they were not adequately represented by class counsel).

B. Evidence presented in argument and by exhibits (but not yet subject to an evidentiary hearing) suggests that:

i) There are serious continuing problems with the operation of the German

Foundation "Remembrance, Responsibility and the Future" ("the Foundation"). They include:

a) The German banks which were obligated to contribute to the Foundation's funds are administering much of the finances of the Foundation, in violation of basic conflict of interest principles, to their own excessive enrichment and to the reduction of payments to beneficiaries.

b) Interest which should have accrued to the benefit of the Foundation and its beneficiaries is being diverted and improperly retained.

c) Voluntary contributions to the funds of the Foundation are being improperly credited to offset obligations.

d) Instead of being transparent as required, the activities of the Foundation are conducted without adequate public scrutiny and inquiries from properly interested persons are not responded to.

e) Required contributions were delayed.

f) The claims process has been delayed and inadequately funded so that rightful claimants will not be in a position to make timely claims.

g) Inappropriate conduct has cost victims entitled to compensation potential relief.

ii) These problems are particularly troubling because so many people, organizations, and governments are concerned that the Foundation succeed in compensating as quickly as possible as many of the eligible surviving victims of the Nazis and their associates as possible for the injustices they were forced to endure. Under the circumstances, full candor, openness and fiduciary integrity and punctilio is required of all who are directly and indirectly involved in this vital historic enterprise.

iii) Partly in response to the instant proceedings, the German and American governments, the Foundation, and interested individuals have addressed or are in the process of addressing the problems complained of and are expected to rectify inappropriate conduct, to ensure against future misconduct, and to speed payment of victims in appropriate amounts.

3. CV 01–6933 is dismissed without prejudice and without costs and disbursements. This order does not preclude any party from taking action pursuant to Rule 60 of the Federal Rules of Civil Procedure or from pursuing any other appropriate remedy. *See Austrian and German Holocaust Litigation v. United States District Court for the Southern District of New York,* 250 F.3d 156, 165 (2d Cir.2001); *cf. Stephenson v. Dow Chemical Co.,* 273 F.3d 249, 2001 WL 1524389 (2d Cir. Nov.30, 2001). (power of members of the class to attack settlement).

SO ORDERED